UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA SHEPHERD LEGAL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, an agency of the United States; NATIONAL MARINE FISHERIES SERVICE, an agency of the United States,<br><br>Defendants. | NO. 2:19-cv-1485<br><br>PLAINTIFF SEA SHEPHERD LEGAL'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (FREEDOM OF INFORMATION ACT) |

**INTRODUCTION**

1. This action is brought to remedy violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Specifically, it challenges the failure of the National Oceanic and Atmospheric Administration ("NOAA") and the National Marine Fisheries Service ("NMFS") (collectively "Federal Defendants") to provide a legally sufficient determination within the time required by FOIA in regard to Plaintiff Sea Shepherd Legal's ("Plaintiff") July 15, 2019 request for information and a waiver of fees ("Supplemental FOIA Request"), as well as Federal Defendants' failure to disclose promptly those records responsive to the Supplemental FOIA Request.

COMPLAINT - 1 -

2. This action is distinct from, but related to, Plaintiff's lawsuit (19-cv-00463) against Federal Defendants stemming from Plaintiff's December 21, 2018 request for records ("Initial FOIA Request"). Plaintiff has filed a Notice of Related Case in conjunction with the present Complaint. Counsel for Plaintiff intends to confer with counsel for Federal Defendants in an attempt to consolidate these matters according to Federal Rule of Civil Procedure 42 and Local Rule 42.

3. Independent of the Initial and Supplemental FOIA Requests, on February 6, 2019, Plaintiff issued a formal petition requesting the Secretaries of Homeland Security, the Treasury, and Commerce to perform their non-discretionary duties established by Section 101(a)(2) of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1371(a)(2) ("Imports Provision"), to "ban the importation of commercial fish or products from fish" sourced using fishing activities that "result[] in the incidental kill or incidental serious injury" of the critically endangered Māui dolphin (*Cephalorhynchus hectori maui*) "in excess of United States standards." Plaintiff requested a response to its petition within 60 days.

4. On July 10, 2019, NMFS published a notice in the Federal Register entitled "Notification of the Rejection of the Petition To Ban Imports of All Fish and Fish Products from New Zealand that Do Not Satisfy the Marine Mammal Protection Act," 84 Fed. Reg. 32853 (July 10, 2019) ("Notification of Denial").

5. In the Supplemental FOIA Request described in Paragraph 1 above, Plaintiff asked for documents in NMFS's possession regarding the Māui dolphin, to the extent that such documents were created or acquired by NMFS between March 18, 2019 and the date of any searches performed pursuant to the Supplemental FOIA Request. Specifically, Plaintiff requested all records within the relevant time period relating to (1) NMFS's analysis of bycatch of, or other interactions with, Māui dolphins by the New Zealand fisheries identified in the 2018 Final List of Foreign Fisheries; (2) NMFS's communications with New Zealand authorities in connection with NMFS's preparation of

COMPLAINT - 2 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

the Notification of Denial; and (3) NMFS's analysis or consideration of the application of the Imports Provision of the MMPA to New Zealand fisheries interacting with the Māui dolphin. *See* Exhibit A.

6. As of the date of this Complaint, Federal Defendants have not made a legally adequate determination regarding the release of documents subject to the Supplemental FOIA Request, nor have Federal Defendants provided a timeline or other plan for compliance with the requirements of FOIA to indicate when or whether the Supplemental FOIA Request will be satisfied.

7. Federal Defendants are unlawfully withholding a determination on Plaintiff's Supplemental FOIA Request and are further violating FOIA by failing to disclose promptly any responsive records. By failing to make a timely and adequate determination, and by failing to disclose responsive records in a prompt fashion, Federal Defendants failed to comply with the statutory mandates and deadlines imposed by FOIA.

8. Accordingly, Plaintiff seeks declaratory relief establishing that Federal Defendants have violated FOIA. Plaintiff also seeks injunctive relief directing Federal Defendants to make a determination on the Supplemental FOIA Request, provide a timeline for the release of responsive, non-exempt documents, and promptly provide the requested material free of cost. Finally, Plaintiff seeks recovery of attorney's fees and costs as provided by FOIA.

9. Plaintiff brings this lawsuit to obtain a determination on the Supplemental FOIA Request and, ultimately, timely disclosure of critical information related to NMFS's involvement in fulfilling its duties under the MMPA in general, and the Imports Provision in particular, related to bycatch protections for Māui dolphins. Given the significant potential negative impact of New Zealand fisheries on the rapidly diminishing population of Māui dolphins — estimated to consist of only 44 to 57 individuals worldwide — and the strong public interest in disclosure of information that may directly assist Plaintiff's time-sensitive ongoing efforts to protect the Māui dolphin,

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

Plaintiff seeks expeditious treatment of its Complaint pursuant to 28 U.S.C. § 1657.

## STATUTORY BACKGROUND

10. Upon receipt of a written request that "reasonably describes" the records sought and complies with "published rules . . . and procedures to be followed," agencies of the United States government are required to disclose their records "promptly," unless they can be lawfully withheld from disclosure under one of nine specific exemptions in FOIA. 5 U.S.C. § 552(a)(3)(A).

11. FOIA provides that agencies shall "determine within 20 [working] days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." *Id.* at. § 552(a)(6)(A)(i).

12. In "unusual circumstances," an agency may extend the twenty-day time limit for up to ten working days by providing written notice to the requester setting forth the unusual circumstances and the date on which the determination is expected to be dispatched. *Id.* at § 552(a)(6)(B)(i).

13. In some limited circumstances, FOIA allows an agency to seek an extension potentially beyond ten days. Specifically, FOIA requires an agency to provide written notification to the requester: (1) offering an opportunity to limit the scope of the request so that it may be processed within the twenty working day limit, or (2) offering an opportunity to arrange with the agency an "alternative time frame" for processing the request. *Id.* at § 552(a)(6)(B)(ii). If the agency elects this option, it must make its FOIA Public Liaison available to the requester to assist in any disputes with the agency. *Id.*

14. Following its determination as to "whether to comply with" a request for records, the agency must then make the requested records "promptly" available, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, from

COMPLAINT   - 4 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

disclosure under narrowly defined FOIA exemptions listed in § 552(b). In doing so, the agency must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request. *Id.* at § 552(a)(3)(C)-(D).

15. The statutory time limit governing the agency's decision as to "whether to comply with" a request for records (generally, twenty working days) also governs decisions on fee-waiver requests. The agency may only toll the time period for purposes of a fee-waiver request if it solicits, during the pendency of the time period, additional information "necessary to clarify with the requester issues regarding fee assessment." 5 U.S.C. § 552(a)(6)(A)(ii)(II). As amended, FOIA provides that "[a]n agency shall not assess search fees . . . if the agency fails to comply with any time limit under paragraph (6)." 5 U.S.C. § 552(a)(4)(A)(viii). Paragraph (6), of course, includes the basic twenty-day limit, along with the possibility of tolling to request clarification on a fee-waiver request and the possibility of a ten-day extension for unusual circumstances.

16. If the agency fails to make a determination on a document request within twenty working days, or within the limited additional time permitted upon proper notification of "unusual circumstances," the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review. *Id.* at § 552(a)(6)(C)(i).

## JURISDICTION AND VENUE

17. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question). This Court may grant declaratory relief under 28 U.S.C. § 2201 *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (FOIA). An actual, justiciable controversy exists within the meaning of the Declaratory Judgment Act between Plaintiff and Federal Defendants. The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

COMPLAINT - 5 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

18.   Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district as the district in which Plaintiff resides.  Plaintiff maintains a principal office in the Western District of Washington.  Venue is also proper under 28 U.S.C. § 1391(b) because Federal Defendants are subject to personal jurisdiction in this federal district.

**PARTIES**

19.   Plaintiff is a nonprofit public interest law organization dedicated to its mission to save marine wildlife and habitats by enforcing, strengthening, and developing protective laws, treaties, policies, and practices worldwide.  Plaintiff uses public outreach, education, and litigation to advocate for greater protection of marine wildlife and habitats.

20.   Plaintiff's interests are harmed by Federal Defendants' failure to make a determination upon the Supplemental FOIA Request or otherwise to release the requested documents, which prevents Plaintiff from obtaining, analyzing, disseminating and using the requested information to advance Plaintiff's mission of ensuring the protection of marine wildlife in general and Māui dolphins in particular.

21.   Defendant NMFS is an agency of the U.S. Department of Commerce that has been delegated the responsibility for implementing the MMPA, 16 U.S.C. §§ 1361 *et seq*.  NMFS is the United States government agency with primary responsibility to ensure that the requirements of the MMPA are followed and enforced, including the requirement that foreign fisheries exporting their products to the United States meet United States standards for limiting bycatch of marine mammals.  NMFS is in possession and control of the records that Plaintiff seeks.

22.   Defendant NOAA is an agency of the U.S. Department of Commerce with supervisory responsibility for NMFS.  NOAA administers and oversees FOIA requests made to NMFS.  NOAA is in possession and control of the records that Plaintiff seeks.

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

## FACTUAL BACKGROUND

23. On July 15, 2019, Plaintiff submitted its Supplemental FOIA Request via FOIAonline to NMFS, reasonably describing all documents for which Plaintiff sought disclosure. *See* Exhibit A.

24. The twentieth working day following July 15, 2019 was August 12, 2019.

25. As explained below, Plaintiff has received three written communications from Federal Defendants, none of which satisfy FOIA's requirements.

26. On July 15, 2019, Plaintiff received the first written communication from Federal Defendants confirming receipt of Plaintiff's FOIA Request. *See* Exhibit B.

27. On July 16, 2019, Plaintiff received the second written communication from Federal Defendants. In this communication, Federal Defendants informed Plaintiff that its request for a fee waiver had been granted. *See* Exhibit C.

28. On September 4, 2019, Plaintiff received the third and final written communication from Federal Defendants. In this communication, Federal Defendants again "acknowledge[d] receipt" of the Supplemental FOIA Request and confirmed the waiver of fees. Exhibit D.

29. In addition, Federal Defendants purported to extend the default twenty-day time period on grounds of "unusual circumstances." *Id.* (citing 15 C.F.R. § 14.6(d)(2)). *See also* 5 U.S.C. § 552(a)(6)(B)(i) (providing that the twenty-day period "may be extended by written notice" setting forth "unusual circumstances"). However, Federal Defendants' attempt to invoke the ten-day extension period was clearly invalid, as the twentieth working day following the July 15, 2019 Supplemental FOIA Request had already passed several weeks beforehand (on August 12, 2019). *See* 15 C.F.R. § 14.6(d)(1) (providing that components seeking an extension "shall, *before expiration of the twenty-day period to respond*, notify the requester of the extension in writing") (emphasis added).

COMPLAINT - 7 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

30. Notably, in their September 4 communication, Federal Defendants did *not* indicate whether, or to what extent, they would comply with the Supplemental FOIA Request. Rather, Federal Defendants merely stated they needed additional time to "search for, collect, and appropriately examine" the relevant records. Exhibit D. Federal Defendants stated that they would likely "complete" this task by October 1, 2019. *Id.* Federal Defendants did not state, on the other hand, that they anticipated releasing records by that date or any other date.

31. While Federal Defendants may attempt to characterize the September 4 communication as a proper "determination" in compliance with 5 U.S.C. § 552(a)(6)(A)(i), such a characterization is contrary to the statutory language and controlling precedent. The determination required by section 552(a)(6)(A)(i) is a determination "whether to comply with [the FOIA] request." 5 U.S.C. § 552(a)(6)(A)(i). Further, the statute requires the agency to "immediately notify the person making such request of," *inter alia*, "such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I). The courts have interpreted this language to preclude agency efforts to claim compliance by merely stating a future intent to eventually produce documents and claim exemptions as warranted.

32. As of the date of this Complaint, Plaintiff has not received a legally sufficient determination on its Supplemental FOIA Request.

33. Plaintiff believes and alleges that Federal Defendants are unlawfully withholding a determination on its Supplemental FOIA Request.

34. Federal Defendants have not offered any valid explanation for their delay, and they have failed to estimate when, or to indicate whether, they will comply with their obligations under FOIA.

35. Because Federal Defendants have "fail[ed] to comply with the applicable time limit provisions," Plaintiff has constructively exhausted its administrative remedies with respect to the

COMPLAINT - 8 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

requested documents.  5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CLAIM FOR RELIEF

### Violation of Freedom of Information Act
*Failure To Respond with a Determination*

36. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

37. FOIA provides that any person may obtain promptly those agency records that are not subject to the FOIA disclosure exemptions.  5 U.S.C. § 552 (a)(3)(A).

38. Plaintiff properly requested records within the control of Federal Defendants.

39. Federal Defendants failed to provide Plaintiff with a determination as to whether Federal Defendants have any non-exempt records responsive to the Supplemental FOIA Request and whether they intended to release such records within the required timeframe.  *Id.* at §§ 552(a)(6)(A)(i); 552(a)(6)(B).

40. Federal Defendants failed to properly invoke and comply with FOIA's provision allowing a ten-day extension of the twenty-day FOIA compliance period for "unusual circumstances."  *Id.* at § 552(a)(6)(B)(i).

41. Federal Defendants failed to properly invoke and comply with FOIA's provision permitting an extension of potentially greater than ten working days by offering Plaintiff an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. *Id.* at § 552(a)(6)(B)(ii).

42. Federal Defendant's failure to comply with FOIA is subject to judicial review under 5 U.S.C. § 552(a)(4)(B).

43. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to a determination on the Supplemental FOIA Request.

COMPLAINT                          - 9 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.

## SECOND CLAIM FOR RELIEF

**Violation of Freedom of Information Act**
*Failure To Disclose Records Promptly*

44. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

45. FOIA requires Federal Defendants to process the Supplemental FOIA Request described herein and to promptly provide responsive records, or any reasonably segregable portion of a record not subject to specified FOIA exemptions.

46. Federal Defendants violated Plaintiff's rights under FOIA when they failed to promptly disclose records, or to disclose reasonably segregable portions of lawfully exempt records, that are responsive to the Supplemental FOIA Request.

47. Federal Defendants' failure to comply with FOIA is subject to judicial review under 5 U.S.C. § 552(a)(4)(B).

48. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to Federal Defendants' obligation to disclose responsive records promptly.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Federal Defendants violated FOIA by failing to make a determination on Plaintiff's Supplemental FOIA Request within the statutory deadlines.

2. Order Federal Defendants to provide Plaintiff with a final determination on its Supplemental FOIA Request;

3. Order Federal Defendants to conduct searches that are reasonably calculated to locate all records — up to the date when the searches are conducted — responsive to the Supplemental FOIA Request at no cost to Plaintiff;

4. Process and release all records responsive to the Supplemental FOIA Request at no cost to Plaintiff within twenty days from the date of such order;

5. Retain jurisdiction of this action to ensure the processing of the Supplemental FOIA Request and to ensure that no agency records are wrongfully withheld;

6. Award Plaintiff costs, including reasonable attorney's fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Grant Plaintiff any relief that the Court deems just and proper.

Dated this ___th day of September 2019

s/ Brett W. Sommermeyer
Brett W. Sommermeyer (WA Bar No. 30003)
SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, WA 98102
Phone: (206) 504-1600
Email: brett@seashepherdlegal.org


s/ Catherine E. Pruett
Catherine E. Pruett (WA Bar No. 35140)
SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, WA 98102
Phone: (206) 504-1600
Email: catherine@seashepherdlegal.org


Attorneys for Plaintiff SEA SHEPHERD LEGAL

COMPLAINT - 11 -

SEA SHEPHERD LEGAL
2226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 504-1600.